GLICKSTEIN, Judge,
dissenting.
I would remand the matter to the trial court for an evidentiary hearing to determine whether the use of the cash bond for restitution was done with the knowledge and consent of the mother; and if so, for a determination that neither the defendant — nor his mother — were entitled to any relief.
The record is silent as to the mother’s knowledge and consent — or lack of same; and this court should not become the “conscience of the community” without being fully informed. It is, in my view, an inappropriate stretch for our court to impose — perhaps needlessly — a rigidity upon the trial court when flexibility produces a more just result.
The majority’s opinion is predicated upon a letter from the defendant’s mother, dated one month after the change of plea. I cannot agree to a reversal in the absence of an evidentiary hearing and finding of fact that the mother neither knew of, nor consented to, the use of the cash bond. Further, I reject the notion that it makes no difference to this court whether or not she knew and consented.
Finally, we should not, at this point, sua sponte substitute a nonparty for the appellant, absent a fundamentally compelling reason and authority for so doing.